IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | | |
|---|---|---|
| ADEBISI ADIGUN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:19-00147 |
| | ) | |
| BARBARA RICKARD, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's Motion to Dismiss (Document No. 10), filed on

August 20, 2019. The Court notified Petitioner pursuant to Roseboro v. Garrison, 528 F.2d 304

(4th Cir. 1975), that Petitioner had the right to file a response to Respondent's Motion and submit

Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are

challenged by the Respondent in moving to dismiss. (Document No. 11.) Petitioner failed to file a

Response. Having examined the record and considered the applicable law, the undersigned has

concluded that the Respondent's above Motion should be granted.

**FACT AND PROCEDURE**

On March 4, 2019, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus*

under 28 U.S.C. § 2241 and Motion for Preliminary Injunction. (Document Nos. 2 and 3.) In his

Petition and Motion, Petitioner alleges that the BOP is improperly calculating the term of his

imprisonment. (Id.) Specifically, Petitioner claims he is entitled to additional good time credit

under the First Step Act of 2018. (Id.) Petitioner states that he has been incarcerated for 8 years

and 11 months. (Id.) Petitioner claims that "based on the First Step Act, I am entitled to 7 additional

days of good time credit for every year spent in jail." (Id.) Petitioner, therefore, states that he is

entitled to an additional 56 days of good time credit. (Id.) Petitioner requests his immediate release from custody. (Id.)

By Order entered on March 8, 2019, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On March 21, 2019, Respondent filed his Response to the Order to Show Cause. (Document No. 7.) Respondent argues that Petitioner's Petition and Motion should be denied because Petitioner's claim is premature. (Id.) Respondent explains that Petitioner relies upon the First Step Act of 2018, which is not yet effective. (Id.) Respondent states that Section 102(b) of the First Step Act amends 18 U.S.C. § 3624(b). (Id.) Section 102(b)(2), however, provides that the effective date of the amendment is deferred until after the Attorney General completes and release the risk and needs assessment system as required by Section 101(a) of the First Step Act, within 210 days of the First Step Act's enactment. (Id.) By Order and Notice entered on March 22, 2019, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Document No. 8.) Petitioner failed to file a Reply.

On August 20, 2019, Respondent filed his Motion to Dismiss. (Document No. 10.) Specifically, Respondent requests that Petitioner's Petition be dismissed as moot based upon Petitioner's release from custody. (Id.) As Exhibits, Respondent attaches the following: (1) A copy of the Declaration of Tiffanie Little, a Legal Assistant from the Mid-Atlantic Regional Office (Document No. 10-1, p. 2.); and (2) A copy of Petitioner's "Public Information Inmate Data As Of 08-07-2019" (Id., pp. 4 – 6.) By Order and Notice entered on August 21, 2019, the undersigned advised Petitioner of his right to file a Reply to Respondent's Motion to Dismiss. (Document No.

11.) Petitioner failed to file a Reply.

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[1] and the absence of

---

[1] The record indicates that Petitioner was released from custody on May 2, 2019. (Document No.

collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g.,
Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145
Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942
(N.D.W.Va.).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court
confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**
that the District Court **GRANT** Respondent's Motion to Dismiss (Document No. 10), **DISMISS**
Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C.
§ 2241(Document No. 2), **DENY** Petitioner's Motion for Preliminary Injunction (Document No.
3), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is
hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David
A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and
Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days
(filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed
Findings and Recommendation within which to file with the Clerk of this Court specific written
objections identifying the portions of the Findings and Recommendation to which objection is
made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*
review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

---

10-1.)

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: September 23, 2019.

Omar J. Aboulhosn
United States Magistrate Judge